**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Ronald D.  Leonard,** | ) | **CASE NO. 3:12cv2515** |
| | ) | |
| Plaintiff, | ) | **JUDGE JEFFREY J. HELMICK** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Warden Sheldon,** | ) | **& ORDER** |
| **Toledo Correctional** | ) | |
| **Institution,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

*Pro Se* Plaintiff Ronald D. Leonard filed this action under 42 U.S.C. § 1983 against Toledo Correctional Institution ("ToCI") Warden Ed Sheldon and "any other John Doe and Jane Doe Defendants of [ToCI] to be added as they become known to Plaintiff in the future, through discovery."  (Doc. No. 1 at 1).  In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his health and safety when they failed to take sufficient precautions to protect him from the Aryan Brotherhood.

This matter is currently before the Court upon Defendant Sheldon's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (Doc. No. 11).   For the following reasons, Defendant's Motion is denied.

## I.      Background

At all times relevant to this action, Plaintiff was incarcerated at ToCI in Toledo, Ohio.[1]

Plaintiff claims the Aryan Brotherhood prison gang threatened to kill him and placed "a contract on

[his] life." (Doc. No. 1 at 1).  In response to this threat, Plaintiff states he filed an Informal

Complaint ("IC") with Defendant Sheldon on November 23, 2011, requesting placement in

Protective Custody ("PC") pursuant to Ohio Admin. Code 5120-9-14.[2]  (Doc. No. 1-1 at 1).

Plaintiff asserts Defendant Sheldon should have responded to this IC by holding him in a

"security control" area pending a PC Hearing.  Defendant allegedly failed to do so, however, and

instead confined Plaintiff to a "Limited Access Privilege Unit" ("LAPU"), where Plaintiff claims he

was at continued risk of harm from the Aryan Brotherhood.  Plaintiff further asserts he was assigned

to the LAPU without either a conduct report or a Rules Infraction Board ("RIB") hearing.  Plaintiff

thereafter filed a Notification of Grievance ("NOG") on December 1, 2011, in which he objected to

his placement in the LAPU and stated generally that he is "in jeopardy of being killed by members

of the Aryan Brotherhood." (Doc. No. 1-1 at 2).  It is unclear from the Complaint whether Plaintiff

received a response to his NOG.

Plaintiff filed the instant Complaint on December 6, 2011, in the United States District

Court for the Southern District of Ohio.  *See Leonard v. Sheldon*, Case No. 2:11CV1091 (S.D. Ohio).

In the Complaint, Plaintiff alleged Defendants (1) were deliberately indifferent to his health and

safety in violation of the Eighth Amendment, and (2) violated his procedural due process rights by

placing him in the LAPU in the absence of either a conduct report or RIB hearing.  Plaintiff also

---

[1]      According to the Ohio Department of Rehabilitation and Correction website, Plaintiff is currently incarcerated at Lebanon Correctional Institution in Lebanon, Ohio. *See* http://www.drc.state.oh.us/Offender.  Defendant Sheldon has indicated that, to the best of his knowledge, Plaintiff is scheduled to be released from prison on March 22, 2013. (Doc. No. 17 at 2, fn. 1).

[2]      OAC 5120-9-14(C) provides that:  "[a]n inmate requesting or referred for protective control consideration may be held in security control pending the protective control investigation and hearing. A protective control hearing shall be held within seventy-two hours of the protective control request or referral, unless additional investigation is necessary and approved by the warden."

sought a preliminary injunction ordering Defendants to transfer him to the Hocking Correctional Institution in Nelsonville, Ohio.

On December 22, 2011, Magistrate Judge Abel issued an Initial Screening Report & Recommendation, in which he recommended the Court find Plaintiff had adequately stated a claim under the Eighth Amendment for demonstrating deliberate indifference to his safety.  (Doc. No. 3 at 3).  The Magistrate, however, recommended dismissal of Plaintiff's due process claim pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. (Doc. No. 3 at 3).  In addition, the Magistrate recommended Plaintiff's request for a preliminary injunction denied on the grounds that Plaintiff had failed to provide "actual evidence" that he faces a substantial risk of serious harm.  (Doc. No. 3 at 4-5).  Judge Marbley adopted the Magistrate's Report & Recommendation on February 3, 2012.  (Doc. No. 8).

Defendant Sheldon then filed a Motion to Dismiss based on Improper Venue and Failure to State a Claim under Fed. R. Civ. P. 12(b)(3) & 12(b)(6).  (Doc. No. 11).   In this Motion, Defendant argued the Complaint should be dismissed because it failed to set forth sufficient factual allegations to support Plaintiff's Eighth Amendment deliberate indifference claim.  He also argued that venue was not appropriate in the Southern District of Ohio because the Defendants reside, and the alleged unconstitutional conduct occurred, in Toledo, Ohio. (Doc. No. 11).

Plaintiff filed two motions for extensions of time to file a Response to Defendant's Motion, both of which were granted.  (Doc. Nos. 13, 14, 16, 18).[3]  In his "Second Motion for Extension of Time to File Response to Defendants Motion to Dismiss" (Doc. No. 16) (hereinafter "Second Motion for Extension"), Plaintiff not only sought additional time to file a Response but also addressed on the merits some of the arguments raised in Defendant's Motion.  Specifically, Plaintiff stated that he had (1) alerted Defendant Sheldon "several times" through "additional Formal

---

[3]      Plaintiff also filed a Motion for Appointment of Counsel on March 20, 2012, which was denied on April 25, 2012. (Doc. Nos. 12, 15).

Grievance" that the Aryan Brotherhood had threatened to kill him, and (2) identified Benjamin Chase as the specific Aryan Brotherhood member that had threatened him.  (Doc. No. 16 at 2).  He further claimed that, despite this information, Defendant Sheldon "still flat-out refuses to abate the sufficiently serious threat to Plaintiff's safety and health" and, instead, "chooses to solely rely upon an old Protective Control hearing conducted on 10/27/11 . . . that didn't find a credical [sic] threat to Mr. Leonard's safety." (Doc. No. 16 at 2).  In addition, Plaintiff acknowledged the allegedly unconstitutional conduct at issue occurred within the venue and jurisdiction of the Northern District of Ohio and agreed that, in the interest of justice, it would be appropriate to transfer his Complaint to this Court. (Doc. No. 16 at 2).

Defendant Sheldon opposed Plaintiff's motion as failing to establish good cause for an extension of time.  (Doc. No. 17).  He also, however, noted that "while Plaintiff's Second Motion is captioned as a motion for an extension, the majority of it reads like a memorandum in opposition to Defendants' MTD." (Doc. No. 17 at 3).  Arguing Plaintiff's motion "responds to" the arguments presented in Defendant's Motion to Dismiss, Defendant urged the Southern District to deny Plaintiff's Second Motion for Extension because "Plaintiff's arguments demonstrate that he does not need additional time to formulate a response to Defendants' MTD."  (Doc. No. 17 at 4).

The Magistrate Judge granted Plaintiff's Second Motion for Extension on May 11, 2012, giving him until July 11, 2012 to file a Response. (Doc. No. 18).  Plaintiff failed to file any responsive pleadings by that date.  Thereafter, on August 17, 2012, the Magistrate Judge recommended Plaintiff's Complaint be transferred to this Court because (1) Defendant Sheldon resides in Toledo; (2) all of the conduct alleged in Complaint occurred in Toledo; and (3) Plaintiff himself requested in his Second Motion for Extension that the Complaint be transferred to the Northern District.  (Doc. No. 19).  Judge Marbley adopted the Magistrate's Recommendation and transferred the instant case to this Court on October 9, 2012.  (Doc. No. 20).

While the Southern District addressed Defendant's Motion to Dismiss with respect to the issue of improper venue, it did not address Defendant's argument that Plaintiff's Eighth Amendment deliberate indifference claim failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). It is this issue that is currently before me.

## II.     Standard of Review

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing a complaint, the Court is required to accept the complaint's allegations as true, *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), and view the complaint in a light most favorable to the plaintiff. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although a complaint need not contain "detailed factual allegations," Rule 12(b)(6) requires more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

## III.     Analysis

In his Complaint, Plaintiff alleges Defendant Sheldon violated his Eighth Amendment rights by failing to take sufficient precautions to protect him from the Aryan Brotherhood. He claims Defendant was on notice of the threat to Plaintiff's life and nevertheless failed to place Plaintiff in protective custody. Although Plaintiff was transferred to the LAPU after he filed his Informal

Complaint, he claims placement in this Unit did not isolate him from the Aryan Brotherhood and he remained in danger of serious bodily harm.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a substantial risk of serious harm to a prison inmate. *Farmer v, Brennan*, 511 U.S. 825, 828 (1994). Specifically, the Supreme Court has explained that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* at 833. Thus, prison officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* The Court explained, however, that not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Instead, in order to establish a constitutional violation, a prison inmate must meet two requirements, often described as objective and subjective components. *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

To satisfy the objective component, the inmate must show that the failure to protect him from risk of harm is objectively "sufficiently serious." *Farmer,* 511 U.S. at 828. In particular, the inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id. See also Hudson v. McMillian,* 503 U.S. 1, 8 (1992) (explaining the objective component requires a determination of whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"); *Curry,* 249 F.3d at 506.

To satisfy the subjective component, the inmate must establish that prison officials acted with "deliberate indifference" to his health or safety. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). "An official is 'deliberately indifferent' if he or she 'knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Id.*

(quoting *Farmer*, 511 U.S. at 837). That awareness can be demonstrated through "inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that a risk was obvious." *Farmer*, 511 U.S. at 842. *See also Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). However, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop*, 636 F.3d at 767. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) (noting that "[t]he subjective component must be addressed for each officer individually").

In his Motion to Dismiss, Defendant Sheldon argues Plaintiff's Eighth Amendment claim should be dismissed because the Complaint fails to set forth sufficient factual allegations to satisfy either the objective or subjective prongs of the deliberate indifference standard. Specifically, Defendant argues Plaintiff fails to satisfy the objective component because the Complaint "does not provide any details regarding the nature of the threat, such as how he knows of it, when or where it was made, or if he has suffered any physical harm from the Aryan Brotherhood or any other prisoners." (Doc. 11 at 7). With respect to the subjective component, Defendant maintains the Complaint is insufficient because it fails to allege facts indicating Defendant Sheldon was "aware of facts from which an inference could be drawn that a substantial risk of serious harm to Plaintiff exists." (Doc. No. 11 at 7). In particular, Defendant emphasizes that Plaintiff's November 23, 2011 Informal Complaint does not mention the alleged threat from the Aryan Brotherhood or otherwise explain the reason for Plaintiff's request to be transferred to PC.[4] Defendant maintains that, in the absence of such allegations, Plaintiff fails to state a claim for "deliberate indifference" to his health and safety as a matter of law.

---

[4]     Although difficult to read, it appears Plaintiff's IC states as follows: "Involuntary and forcible [sic] placement in LAPU Unit per directive of John Doe Lt. Upon arrival back from outside Court and per directive of shift office, white shirt officer John Doe, when I've asked to be placed in Protective Control pursuant to 5120-9-14." (Doc. No. 1-1 at 1).

As set forth *supra*, Plaintiff did not file a Brief in Opposition to Defendant's Motion.  In his Second Motion for Extension (Doc. No. 16), however, Plaintiff does address some of the arguments raised in Defendant's Motion. Specifically, Plaintiff states he alerted Defendant Sheldon "several times" through "additional Formal Grievance" that the Aryan Brotherhood had threatened to kill him and identified Benjamin Chase as the specific Aryan Brotherhood member that had threatened him.  (Doc. No. 16 at 2).  He further claims that, despite this information, Defendant "still flat-out refuses to abate the sufficiently serious threat to Plaintiff's safety and health." (Doc. No. 16 at 2). Given Plaintiff's *pro se* status, I will consider the legal arguments set forth in his Second Motion for Extension (Doc. No. 16) as a Response to Defendant Sheldon's Motion to Dismiss.  To the extent Plaintiff raises any new factual allegations not contained in the Complaint itself, however, I may not consider such allegations in resolving Defendants' Motion to Dismiss.  *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("When reviewing a motion to dismiss, a district court may not consider matters beyond the complaint"); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Viewing the Complaint in a light most favorable to the Plaintiff, I find Plaintiff has set forth sufficient factual allegations to state a claim under the Eighth Amendment as to both the objective and subjective components of the "deliberate indifference" standard.  With respect to the objective component, I find Plaintiff's allegation that the Aryan Brotherhood threatened to kill him and placed a "contract on [his] life" is objectively "sufficiently serious."  *Farmer,* 511 U.S. at 828.  While Defendant correctly notes that the Complaint does not contain detailed allegations regarding the time, place, or reason for these threats, a Complaint need not contained such "detailed factual allegations" to survive a motion to dismiss under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678.  Rather, the Complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*  I find Plaintiff's factual allegations regarding death threats from the

Aryan Brotherhood prison gang are sufficiently plausible to satisfy the objective component, at least for purposes of withstanding dismissal pursuant to Rule 12(b)(6).

Moreover, I find the Complaint sets forth sufficient factual allegations indicating that Defendant Sheldon "knew of and disregarded" an excessive risk to Plaintiff's health and safety. Although Plaintiff's IC did not specifically reference threats from the Aryan Brotherhood, his NOG expressly states that "a contract is on my life from the Aryan Brotherhood that is going to murder me." (Doc. No. 1-1).  In addition, the Complaint alleges that Plaintiff expressly notified Defendant Sheldon of this threat and, further, that Defendant refused to move him to a secure area or conduct a PC hearing.  (Doc. No. 1 at 3).  I am satisfied, that accepted as true and viewed in a light most favorable to Plaintiff, these allegations are sufficient to survive dismissal under Rule 12(b)(6).

### IV.    Conclusion

Accordingly, and for all the reasons set forth above, I find that the Complaint sets forth sufficient factual allegations to state a plausible claim for relief for "deliberate indifference" under the Eighth Amendment.  Defendant Sheldon's Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) is, therefore, denied.

**So Ordered**.


s/Jeffrey J. Helmick
**UNITED STATES DISTRICT JUDGE**

9